**In the Matter of James A. SAUER, Debtor.**

**In the Matter of J.A.S. Enterprises, Inc., Debtor.**

**Nos. BK90–80898, BK90–80899.**

United States Bankruptcy Court, D. Nebraska.

June 8, 2000.

11. Ex. # 23.

12. Ex. # 24.

13. Ex. # 25.

14. *Krigel v. Mercedes–Benz Credit Corporation (In re Stanley)*, 249 B.R. 509, 518 n. 3 (W.D.Mo.2000).

Lynne R. Fritz, Lincoln, NE, for Chapter 7 Trustee.

Steven J. Woolley, Omaha, NE, for Marion Pruss.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter is before the Court on a Motion to Approve Settlement Agreement by which the Chapter 7 Trustee seeks to compromise a claim for disgorgement of attorney fees from the debtor's former counsel, Ms. Marion Pruss. The settlement agreement is approved.

### FACTS

The factual background of this case is complex, and detailed recitations of the underlying facts may be found in the previously published opinions in *Matter of Sauer*, 191 B.R. 402, 404–07 (Bankr.D.Neb. 1995) and *In re Sauer*, 222 B.R. 604, 605–07 (8th Cir. BAP 1998). The facts pertinent to the matters currently before the Court follow.

Debtor's former counsel, Ms. Marion Pruss, was ordered to disgorge over $81,000 in attorney's fees because she did not maintain a disinterested status in relation to these bankruptcy cases. The disgorgement order was appealed to the Eighth Circuit Bankruptcy Appellate Panel which reduced the disgorgement amount to $43,345.21. *In re Sauer*, 222 B.R. 604, 610 (8th Cir. BAP 1998). Ms. Marion Pruss, as the debtor, filed an individual Chapter 13 bankruptcy case during the pendency of the appeal.

Over the past two years, extensive litigation has occurred in Ms. Pruss' bankruptcy case. She has attempted to obtain confirmation of a Chapter 13 plan, and the Chapter 7 Trustee in this case has been objecting to confirmation in an attempt to collect the disgorgement amount. There are currently several matters, arising in Ms. Pruss' personal Chapter 13 case, still pending before the bankruptcy court

Jerry Jensen, Omaha, NE, for United States Trustee.

**800**

(Chief Judge Mahoney presiding) and before the Eighth Circuit Court of Appeals. *See In re Pruss,* 235 B.R. 430 (8th Cir. BAP 1999), *appeal docketed,* No. 99–2906 (8th Cir. July 12, 1999).

On February 14, 2000, the Chapter 7 Trustee filed a Motion to Approve Settlement Agreement. The settlement agreement, *inter alia,* provides for payment of $17,000 by Ms. Pruss as full and complete settlement of these bankruptcy estates' claim for the disgorgement of $43,345.21. The settlement agreement further provides that, upon its approval, the appeal pending in the Eighth Circuit in *In re Pruss* will be dismissed with prejudice, and the Chapter 13 personal bankruptcy of Ms. Pruss will be dismissed.

No objections have been filed by any parties in interest regarding approval of the settlement agreement. The United States Trustee was asked to make comments on the settlement agreement and recommends its approval.

On April 7, 2000, this Court entered a journal entry setting this matter for hearing. In that order, the Court expressed concerns regarding the settlement agreement and ordered the Chapter 7 Trustee to appear and to make a formal record as to why the Court should approve the settlement agreement. The Court also requested the United States Trustee to appear at the hearing to make a specific recommendation as to approval of the settlement agreement.

On April 12, 2000, a hearing was held on the settlement agreement. At that hearing, counsel for Ms. Pruss indicated that payment of the disgorgement amount would render Ms. Pruss insolvent. The Court ordered Ms. Pruss to file an affidavit detailing her financial condition. Counsel for the Chapter 7 Trustee stated that because of the uncertainty of results in the pending appeal before the Eighth Circuit and other litigation pending in Ms. Pruss' personal bankruptcy case, the settlement was in the best interest of these bankruptcy estates.

## DISCUSSION

■ Based on the affidavits of record, the comments of the Chapter 7 Trustee, and the comments of the United States Trustee, I conclude that approval of the settlement agreement is in the best interest of the creditors of the James A. Sauer and J.A.S. Enterprises, Inc. bankruptcy cases.

■ My approval of the settlement agreement is not without reservation. When I consider the totality of facts and circumstances, I conclude that the settlement agreement arguably takes on an appearance of impropriety and abuse of the bankruptcy process. Ms. Pruss represented the debtor in these bankruptcy cases. I concluded that during the time of her representation, she engaged in egregious conduct and lost her disinterestedness. She was then ordered to disgorge fees. In response to the disgorgement order, she filed a personal bankruptcy and subsequently entered into the settlement agreement which is now sought to be approved by the Court. As things stand today, when the settlement agreement is approved, Ms. Pruss will pay a mere $17,000 in satisfaction of a disgorgement order that she repay in excess of $43,000. It appears that during the pendency of Ms. Pruss' personal bankruptcy case there has been a great deal of litigation and expenditure on attorney fees both on the part of the Chapter 7 Trustee appointed in these cases, as well as Ms. Pruss' personal counsel. Ms. Pruss appears to have used the bankruptcy process, through the filing of her personal Chapter 13 case, to frustrate the disgorgement order of the bankruptcy court. In my eyes, these facts elude to an appearance of impropriety or an abuse of the bankruptcy process. However, after much reflection, I conclude that issues concerning Ms. Pruss' personal bankruptcy case are simply not before this Court. Ms. Pruss' personal bankruptcy case is assigned to Chief Judge Mahoney and any allegations or concerns that her bankrupt-

cy case involves an appearance of impropriety or an abuse of the bankruptcy process would be appropriately considered by Chief Judge Mahoney. These issues are not before this Court.

What is before this Court is whether the settlement agreement between the Chapter 7 Trustee and Ms. Pruss should be approved as in the best interest of creditors of the James A. Sauer and J.A.S. Enterprises, Inc. bankruptcy cases. I conclude the settlement agreement is in the best interest of these bankruptcy estates, and the settlement agreement should be approved.

This Court is aware that it has ordered disgorgement of fees from Ms. Pruss and that the disgorgement order will not be obeyed. I conclude that my approval of this settlement agreement will, as a practical matter, preclude me from instituting contempt or other proceedings against Ms. Pruss for her failure to comply with this Court's disgorgement order. Ms. Pruss has filed an affidavit detailing her financial condition. Upon review of this affidavit, I conclude that Ms. Pruss does not have the ability to pay the disgorgement amount. Accordingly, contempt proceedings against Ms. Pruss appear inappropriate as she should not be held in contempt for the failure to make payments when she has an inability to pay.